IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 4:11-CR-239 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **FRANKLIN LOWE**, | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 14th day of October, 2015, upon consideration of the letter (Doc. 84) filed *pro se* by defendant Franklin Lowe ("Lowe"), seeking a modification of the sentence imposed on April 21, 2014, and specifically requesting that the court reduce the balance of his sentence from a term of imprisonment to a term of home confinement, wherein Lowe cites, *inter alia*, his medical condition, his perceived degree of culpability, the impact of his conviction on his business reputation and livelihood, and a dispute as to promises made in connection with the execution of his plea agreement as reasons to modify his sentence, and the court noting that Lowe fails to cite legal authority in support of his request for relief, (see id.), but observing that the motion is untimely if construed as a request to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, see 28 U.S.C. § 2255(f) ("A 1-year

period of limitation shall apply to a motion under this section."),[1] and in any event does not take the proper form required by the Local Rules for such motions, see L.R. 83.32.1 ("The petition or motion . . . shall be on the standard form supplied by the clerk of court when the petition or motion is . . . a § 2255 motion."); see also R. GOVERNING § 2255 CASES R. 2(c) ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."), and the court further observing that, other than broadly requesting conversion of the balance of his sentence of imprisonment to a sentence of home confinement, Lowe identifies neither circumstances nor legal authority supporting a reduction, see, e.g., 18 U.S.C. § 3582(c)(1)(A)(i) (allowing district courts to reduce a term of imprisonment upon motion of the Director of the Bureau of Prisons under certain "extraordinary and compelling" circumstances);[2] 18 U.S.C. § 3582(c)(2) (permitting

---

[1] The one year period of limitation for filing a motion pursuant to § 2255 begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Lowe was sentenced on April 21, 2014, and did not file a notice of appeal with the Third Circuit Court of Appeals. When a defendant does not file a direct appeal, his conviction and sentence become final on the date the defendant's time for filing an appeal expires. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Lowe's opportunity to file a timely notice of appeal expired on May 5, 2014. See FED. R. APP. P. 4(b)(1)(A)(i). Therefore, his time for filing a § 2255 motion expired on May 5, 2015. To the extent Lowe's motion is capable of construction as a request to modify his sentence pursuant to § 2255, the same is untimely.

[2] With regard to any § 3582(c)(1)(A)(i) request, it appears that Lowe has sought and been denied relief by the Bureau of Prisons. Attached to the instant motion is correspondence from Warden Linda Sanders, concluding that Lowe is not entitled to § 3582(c)(1)(A) relief because his medical situation "could have reasonably been foreseen by the court at the time of sentencing," his "medical history would have been taken into account at the time of sentencing," and his "condition is not terminal and [his] life expectancy is greater than 18 months." (Doc. 84 at 4).

district courts to reduce a sentence in the case of a defendant whose sentencing range has been subsequently lowered by the Sentencing Commission); FED. R. CRIM. P. 35(b) (authorizing district courts to reduce a term of imprisonment upon motion of the government for substantial assistance), it is hereby ORDERED that Lowe's request (Doc. 84) for reduction of the sentence imposed by this court on April 21, 2014, is DENIED.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania